IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 10 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01024-OES

ROSENDO HERRERA,

Plaintiff,

v.

JOE ORTIZ OR DESIGNEE,
CARL ZENON OR DESIGNEE,
AVCF CLINICAL SERVICE, and
KNOWN AND UNKNOWN JOHN AND JANE DOES, directly or indirectly part of DOC, et al.,

Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Rosendo Herrera is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility (AVCF) at Crowley, Colorado. Mr. Herrera has filed ***pro se*** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated his rights under the United States Constitution. The court must construe the complaint liberally because Mr. Herrera is representing himself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Herrera will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient because Mr. Herrera fails to allege specific facts in support of the claims he is

asserting. Mr. Herrera apparently claims that he has been denied adequate medical care during his incarceration at the AVCF. However, he fails to allege what medical treatment he requires that has been denied.

In addition, Mr. Herrera fails to allege facts that demonstrate how each Defendant personally participated in the asserted violation of his rights. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Herrera must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Herrera will be ordered to file an amended complaint in which he alleges specific facts to support each claim and to demonstrate how each Defendant personally participated in the asserted constitutional violations. Mr. Herrera is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). Therefore, Mr. Herrera should name as Defendants in the amended complaint the individuals he believes actually violated his rights.

Mr. Herrera also must clarify in the amended complaint how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Herrera must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211. The documents that Mr. Herrera attaches to the complaint do not demonstrate that he has exhausted administrative remedies. Accordingly, it is

ORDERED that Mr. Herrera file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Herrera, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Herrera submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Herrera fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 10 day of August, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-01024-OES

Rosendo Herrera
Reg. No. 120930
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 8/10/05

GREGORY C. LANGHAM, CLERK

By: Andrea
Deputy Clerk