IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -4 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01024-ZLW

ROSENDO HERRERA,

    Plaintiff,

v.

JOE ORTIZ, Director of C.D.O.C.,
RON LEYBA, (Present) Warden, A.V.C.F.,
CARL ZENON, (Past) Warden, A.V.C.F.,
LAWERENCE THEODOR, P.A.,
SINGH TEJINDER, P.A.,
PATTY BEECROFT, Medical Doctor,
ANTHONY A. DECESARO, Grievance Officer, C.D.O.C., and
DOSS, D.O.C. Staff, A.V.C.F.,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Rosendo Herrera has filed *pro se* on September 19, 2005, a document titled "Plaintiff's Motion to Amend." Plaintiff seeks to amend his complaint by withdrawing the claim for which the Court determined that Plaintiff had failed to exhaust administrative remedies in the Court's Order and Judgment of Dismissal filed in this action on September 8, 2005. The Court must construe the motion to amend liberally because Mr. Herrera is proceeding *pro se*. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Because the instant action has been dismissed, the motion to amend will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Herrera filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Herrera fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. On August 10, 2005, Magistrate Judge O. Edward Schlatter ordered Mr. Herrera to file an amended complaint in this action and to clarify in the amended complaint how he has exhausted administrative remedies for each claim that he asserts. On August 19, 2005, Mr. Herrera filed an amended complaint that included a claim for which he now concedes that he has not exhausted administrative remedies. Therefore, the Court dismissed the complaint and the action. The Court will not reopen the instant action so that Mr. Herrera can correct the problem identified by the Court in the Court's Order and Judgment of Dismissal when Mr. Herrera previously had been ordered to demonstrate exhaustion of administrative remedies for each claim he raises in the amended complaint. However, Mr. Herrera is reminded that the Court dismissed the instant action without prejudice. Therefore, if Mr. Herrera wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that "Plaintiff's Motion to Amend" filed on September 19, 2005, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 3 day of Oct., 2005.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01024-ZLW

Rosendo Herrera
Reg. No. 120930
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/4/05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk